UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PORFIRIO GATON, §
    Petitioner, § **04-40157**
§
vs. § Civil Action No. _____
§
DAVID L. WINN, WARDEN, §
    Respondent. §

PETITION FOR WRIT OF MANDAMUS AND/OR HABEAS
CORPUS, AND AUTHORITY IN SUPPORT THEREOF,
BROUGHT PURSUANT TO TITLE 28, UNITED STATES
CODE, SECTIONS 1361, AND 2241

Petitioner, **PORFIRIO GATON**, appearing pro se, and files this petition for a writ of mandamus, and/or writ habeas corpus, pursuant to 28 U.S.C.§§1361 and 2241, to compel the Federal Bureau of Prisons to calculate his federal sentence of imprisonment in accordance with the express provisions of 18 U.S.C.§3624(b), and would show the Court as follows:

I. BACKGROUND.

Petitioner was sentenced to a 78 months term of imprisonment on 21 USC § 841, 846 in the United States District Court for the District of New York. Petitioner is presently serving out that sentence at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"). Inasmuch as petitioner has been sentenced to a term of imprisonment of more than one year, in accordance with the provisions of 18 U.S.C.§3624(b), he is entitled to a credit of 54 days per year for good behavior. However, the Federal Bureau of Prisons has established a policy for implementing §3624(b), and that policy -- 28 C.F.R.§523.20 and Bureau of Prisons Program Statement 5880.28 -- materially undermines §3624(b).

Corpus, 28 U.S.C.§§1361 and 2241, Page 2.

Stephen Gagnon, Inmate Systems Manager at FMC Devens has, consistent with 28 C.F.R.§523.20 and P.S. 5880.28, has declined to award prisoners at FMC Devens a full 54 days credit for each year of their respective sentences (imposed). see, Attachment. Rather, Mr. Gagnon only allots credit for time actually served. Id. Such a practice, however, runs afoul of a plain reading of §3624(b) and the Congressional intent underlying that statute. Consequently, a writ should issue.

II. SUBJECT MATTER JURISDICTION.

Petitioner brings this action pursuant to both 28 U.S.C.§§1361 and 2241. Section 2241 has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody for violating a federal criminal statute. Maleng v. Cook, 490 U.S. 488, 493 (1989); Ralston v. Robinson, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981); see also, Monahan v. Winn, 276 F.Supp.2d 196, 203 (D.Mass. 2003). Accordingly, this matter is properly brought pursuant to 28 U.S.C.§2241, inasmuch as petitioner seeks the court's intervention in correcting the manner in which his sentence is being computed.

Section 1361 is clear on its face, and grants the district court "original jurisdiction [over] any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.§1361. At least one circuit has recognized jurisdiction under §1361 over petitions of federal prisoners challenging determinations governing the execution of sentences. Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2nd Cir. 1976).

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C. §§ 1361 and 2241 page 3

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Countless prisoners at FMC Devens have attempted to have their sentences re-computed in a manner consistent with have their sentences re-computed in a manner consisten with **18 U.S.C §3624(b)**. However, all of such efforts have been fuitless, and were categorically denied. see, Attachment.

It is true that administrative remedies ordinarily must be exhausted befored filing a habeas petition pursuant to **28 U.S.C § 2241**. However circumstances apply: "(1) available remedies provide no genuine opportunity for adequate relief"; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be 'futile'; and (4) in certain instance [when] a plaintiff has raised a 'substantial constitutional question.'. **Guitard v. Unites States Secretray of navy**, 967 F.2d 737, 741 (2nd Cir. 1991). In any event, the exhaustion requirement for §2241 petitons is prudential, no estatutory, unlike habeas corpus petitions filed pursuant to 28 U.S.C § 2254. See Arango Marquez v. INS 346 F 3d 892, 897 (9th Cir. 2003).

There can be no question that exhaustion of administrative remedies, pursuan to 28 C.F.R. §542.15, would be futile. Notwithstanding a recent district court opinion finding that the Bureau of Prison' method of calculation good conduct time, pursuant to 18 U.S.C §3624 (b), , is erroneous, See, White v. Scibana, Docket No. 03-C-581-C (W.D Wisconsin) (Crabb, J.) , a copy which is anneced hereto, the Bureau of Prisons maintains their method of calculating good conduct time credits. Thus, exhaustion is necessarily excused.

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 4.

PETITIONER IS ENTITLED TO THE ISSUANCE OF BOTH A WRIT OF MANDAMUS AND HABEAS CORPUS, ON THE GROUNDS THAT THE BUREAU OF PRISONS REFUSES TO ALLOT HIM A FULL 54 DAYS PER YEAR (GCT) FOR EVERY YEAR OF THE SENTENCE IMPOSED UPON HIM, AS DIRECTED BY CONGRESS THROUGH THE ENACTMENT OF THE SENTENCE REFORM ACT OF 1984 (i.e., 18 U.S.C.§ 3624(b))

Section 3624(b), which was enacted as part of the Sentence Reform Act of 1984, provides, in pertinent part, as follows:

> (b) Credit toward service of sentence for satisfactory behavior.--
>> (1) Subject to paragraph (2), a prisoner serving a term of imprisonment of more than 1 year....may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term...

18 U.S.C.§3624(b).

The Bureau of Prisons has promulgated a regulation interpreting this provision as awarrding good time credit on the basis of "each year served." 28 C.F.R.§523.20; Scibana, supra., at 4. Thus, the Bureau of Prisons has equated "term of imprisonment" to "time actually served". Such an equation, however, is a strained reading of the statute, and a complete distortion of the congressional intent underlying §3624(b). Specifically, Senator Joseph Biden, a co-author of the Comprehensive Crime Control Act of 1984, which was included within the Sentence Reform Act of 1984, made it clear that Congress, in enacting the Act, intended to give inmates good time credit of up to 15% of their sentences. See, 141 Cong.Rec. S2348-01 (2/9/95); 140 Cong.Rec. S12314-01, S12350 (8/23/94).

Case 4:04-cv-40157-DPW   Document 1   Filed 08/18/2004   Page 5 of 7
Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 5.

In Scibana, supra., the district court held that the statements of Senator Biden were limited in their probative value inasmuch as they were issued "well after §3624 was enacted." Scibana, at 11 (citing Sullivan v. Finkelstein, 496 U.S. 617, 628 n.8 (1990)). Notably, on November 1, 1990, the U.S. Sentencing Commission updated Chapter 1, Part A(3) of the Federal Sentencing Guidelines Manual, to "reflect the implementation of guideline sentencing on November 1, 1987." see, U.S.S.G. Appendix C, Amendment 307 (eff. November 1, 1990). In so updating Chapter 1, Part A(3) "The Basic Approach (Policy Statement)", the Sentencing Commission observed that "the abolition of parole makes the sentence imposed by the court the sentence the offender will serve, <u>less approximately fifteen percent for good behavior</u>." U.S.S.G. Ch. 1, Pt. A(3) (emphasis added) This observation clearly supports the statements made by Senator Biden, and was made several years prior thereto.

The current Bureau of Prison policy for computing good conduct time effectively requires all federal prisoner's sentence under the Sentence Reform Act to serve approximately 88% of their sentences -- a far cry from the 85% intended by Congress, as observed by the Sentencing Commission less than three years after the sentencing guidelines, and §3624(b), went into effect. Consequently, any system of calculating good conduct time that does not comport with that of Congress is both unconstitutional, and entitled to zero deference.

Case 4:04-cv-40157-DPW    Document 1    Filed 08/18/2004    Page 6 of 7

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C. §§1361 and 2241, Page 6.

The Bureau of Prisons' current policy of calculating good conduct time credit only permits an allowance fifty-four days for every year "actually served". The result is that a prisoner serves approximately 88% of his sentence, when Congress intended that a prisoner would serve approximately 85%. Both a writ of mandamus and/or habeas corpus is necessary to rectify this problem.

It is well settled that courts should accord "substantial deference" to an agency's reasonable interpretation of a statute Congress has charged it with administering. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984)(emphasis added). One reason for deferring to the interpretation of the administering agency is that that agency has special expertise that may make its construction especially persuasive. See, Skidmore v. Swift & Co., 323 U.S. 134, 139 (1944); United States v. Mead Corp., 533 U.S. 218, 234-35 (2001). The Supreme Court has recognized that a level of deference below that required in Chevron applies when the statute does not indicate that Congress meant to delegate authority to the agency to issue rulings with the binding force of law. In such circumstances, agency interpretations "are not controlling upon courts by reason of their authority," Skidmore, 323 U.S. at 140, but courts nonetheless owe them "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995); see also, Mead, 533 U.S. at 234. In Koray, the Court concluded that a BOP internal agency guideline was entitled to this lesser standard of deference. Koray, 515 U.S. at 61. Inasmuch as the BOP's interpretation of §3624(b) starkly contrasts the statute's plain meaning and intent, deference is inappropriate.

Case 4:04-cv-40157-DPW   Document 1   Filed 08/18/2004   Page 7 of 7

Petition for Writ of Mandamus/Habeas Corpus, 28 U.S.C.§§1361 and 2241, Page 7.

V. CONCLUSION.

Petitioner, having demonstrated that the Bureau of Prisons' interpretation of 18 U.S.C.§3624(b) is contrary to that statute's plain meaning, and the Congressional intent underlying same, seeks the issuance of: (1) a writ of mandamus, compelling the respondent to re-compute his sentence, and award him good conduct time credits totalling fifty-four days for each year of the "sentence imposed", consistent with the holding of the district court in White v. Scibana, a courtesy copy of which is annexed hereto; and/or (2) a writ of habeas corpus, directing the same.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that this Court will grant this petition, in its entirety.

Dated: Ayer, Massachusetts

July_____, _30_, 2004

Respectfully submitted,

*[signature]*

Name  Porfirio Gaton

Reg. No. 10756-052
Federal Medical Center
P.O. Box 879
Ayer, Massachusetts 01432

VI. VERIFICATION

I, __Porfirio Gaton__, do hereby declare, and affirm under the penalties of perjury, and pursuant to 28 U.S.C.§1746, that the foregoing is true and correct to the best of my knowledge, belief and recollection.

*[signature]*
Petitioner  Porfirio Gaton