UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PORFIRIO GATON,
    Petitioner,

v.                                       C.A. No. 04-40157-DPW

DAVID L. WINN,
    Respondent.

## PROCEDURAL ORDER

On August 18, 2004, petitioner Porforio Gaton filed a petition for a writ of habeas corpus, but did not submit the $5 filing fee or an application for waiver of the filing fee. A memorandum attached to Gaton's papers states that payment of the $5 filing fee may be paid with postage stamps, and the envelope mailed to the Court containing Gaton's papers appears to have over $5 worth of stamps on it.

## ANALYSIS

A party filing a Section 2241 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or, if a party lacks the funds to pay the filing fee, he or she may (2) file an application to proceed without prepayment of fees. See 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 1(b) of the Rules Governing Section 2254 Cases (these rules may be applied to other habeas petitions at the court's discretion); Rule 3(a) (if a petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this Court provides a standardized form for fee waiver

applications. Gaton is advised that payment of the filing fee must be in United States currency, and that United States postage stamps do not constitute United States currency. See generally 31 U.S.C. § 5103 (defining legal tender as United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks)); see also Mahler v. Frank, No. 04-C-31-C, 2004 WL 231216, at *1 (W.D. Wis. Feb. 2, 2004) (denying prisoner's request to make initial partial filing fee payment with stamps).

Because Gaton has not submitted the $5 filing fee or an application to waive the fee, he shall be granted additional time to do so.

## CONCLUSION

ACCORDINGLY, if Gaton wishes to proceed with this action, he shall, within 42 days of the date of this order, submit the $5 filing fee or, if he lacks the funds to pay the $5 filing fee, an application to waive prepayment of the filing fee with a certified account statement for the 6-month period immediately preceding the filing of this petition. Failure to take either action will result in the dismissal without prejudice of the petition for failure to pay the filing fee.

The Clerk is directed to send Gaton an application to proceed without prepayment of fees and affidavit with this order.

SO ORDERED.

Dated at Boston, Massachusetts, this 23rd day of August 2004.

                                              s/ Douglas P. Woodlock
                                              DOUGLAS P. WOODLOCK
                                              UNITED STATES DISTRICT JUDGE