Case 4:04-cv-40157-DPW    Document 7    Filed 09/22/2004    Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PORFIRIO GATON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 04-40157-DPW |
| v. ) | |
| ) | |
| DAVID L. WINN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF RESPONDENT DAVID L. WINN
IN SUPPORT OF MOTION TO DISMISS**

The petitioner Porfirio Gaton, an inmate at Federal Medical Center, Devens, seeks habeas relief under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has calculated incorrectly credit against his sentence for good conduct time. For the reasons stated below, this Court lacks jurisdiction over the matter. Moreover, the Petition fails to state a claim upon which relief can be granted and must therefore be dismissed.

**STATEMENT OF FACTS**[1]

On February 25, 2003, the United States District Court for the Northern District of New York sentenced the Petitioner to serve 78 months imprisonment with a five year term of supervised release for Conspiracy to Possess with Intent to Distribute and Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846. See Declaration of Stephanie Scannell ("Scannell Decl."), Attachment "a," attached hereto as Exhibit 1.

Pursuant to the BOP's established practice concerning the calculation of Good Conduct Time ("GCT") credits, the BOP has determined that Petitioner will be entitled to 297 days of

---

[1] In accordance with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

GCT credited against his sentence, assuming good behavior, such that his projected release date is November 11, 2006. See Scannell Decl., Attachment "b," Sentence Monitoring Computation Data.[2] The Petitioner contends that the BOP has incorrectly determined his GCT credits and that a correct calculation should yield 351 days of credit.

On July 22, 2004, the Petitioner submitted an informal Inmate Request to Staff Member form (Form BP-S148.055) to the Inmate Systems Manager, thus initiating his pursuit of administrative remedies. Scannell Decl., Attachment "g," Inmate Request to Staff and Response. He has not, however, exhausted his administrative remedies. Scannell Decl., Attachment "f," Administrative Remedy Generalized Retrieval data.

## ARGUMENT

**I.   THE PETITIONER'S CLAIM SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The Petitioner's claim that the BOP improperly has calculated his GCT credits should be dismissed under the traditional requirement that a prisoner must exhaust his administrative remedies before applying for habeas relief under 28 U.S.C. § 2241. See, e.g., Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); Gonzalez v. Perrill, 919 F.2d 1 (2nd Cir. 1990); United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989). The Petitioner has not exhausted the available administrative remedies, thus, the Petitioner's claim must be dismissed for failure to exhaust.

---

[2] Petitioner received prior jail credit of 720 days for the time period spent in custody from March 7, 2001 through February 24, 2003. See Scannell Decl., Attachment "b." In the event that all of his remaining GCT is disallowed, Petitioner's full term expiration date is September 4, 2007. Id.

## II. THE BUREAU OF PRISONS' CALCULATION OF PETITIONER'S GOOD CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)

Petitioner asserts that the BOP incorrectly calculates his GCT by substituting "years served" for "term of imprisonment" in 18 U.S.C. § 3624(b)(1). Petitioner alleges that, under the statute, he is entitled to 351 days of GCT, whereas, under the BOP's interpretation of the statute, he gets 297 days. Petitioner's assertion is incorrect.

### A. Background: The Governing Statute; the BOP Regulation; and Program Statement 5880.28

For offenses committed after November 26, 1996, the BOP determines GCT credits pursuant to the Sentencing Reform Act, 18 U.S.C. § 3624(b) (the "Statute"). The Statute provides in relevant part:

> (b) Credit toward service of sentence for satisfactory behavior.
>
> > (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

Id. To implement the statutory directive, the BOP has issued appropriate regulations. Specifically, 28 C.F.R. § 523.20 provides:

> (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
>
> > (1) 54 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a [General Educational Development ("GED")] credential or high school diploma; or

> (2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. § 523.20. (emphasis added).

The application of the Statute and BOP regulation is explained in a BOP internal guideline, Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u> ("PS 5880.28") (relevant portions are attached as Attachment "d" to the Scannell Decl.)  Consistent with the Statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by the model prisoner shall be prorated to 0.148 days of credit for every actual day served during good behavior (54/365 = 0.148).  <u>Id</u>.

Thus, in accord with the statutory directive that GCT credit in the last year shall be prorated, the implementing regulations and the Program Statement adjust for the fact that each additional day of accrued GCT credit results in one day less of time served.  Consequently, the days of credit and days of time served are adjusted to reflect that fact that an inmate granted GCT credit does not actually serve the entire "term of imprisonment."

    B.    <u>The Petitioner's Argument</u>

The Petitioner argues that the BOP must calculate his GCT credit based on the sentence imposed--in the Petitioner's case, 78 months (or 6.5 years)--not on the time he actually serves. Thus, under the Petitioner's interpretation of the Statute, the BOP should compute his GCT credit as being the length of his sentence (in years) multiplied by 54 days, for a total of 351 days. Under his theory, he would get credit for the 180-day portion of the last year of his sentence, even though he will never have served a single day of that last year, and, in fact, will not even

have served out the entire sixth year of his sentence.

  C.  <u>The Petitioner's Interpretation Is Inconsistent With The Statute And Common Sense</u>

The Petitioner's theory conflicts with the plain language of the Statute as a whole and its requirements that the BOP give GCT credit "at the end of each year of the prisoner's term of imprisonment" subject to a finding of "exemplary compliance with institutional disciplinary regulations," and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated. . . ." 18 U.S.C. § 3624(b)(1). The plain language of the Statute supports the BOP's position.

The Statute clearly sets forth the yearly occasion for the determination of each year's GCT credit: "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b)(1). At that time, the BOP is to examine the prisoner's record of conduct over the year past and decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). If Congress, as the Petitioner asserts, intended "term of imprisonment" to mean "term of the sentence," it would be impossible for the BOP to give GCT credit to the petitioner "at the end of each year of [his] term of imprisonment," since the petitioner, under his theory, would no longer be under BOP custody during his last year. Thus, the Statute operates on a yearly, ongoing basis, as time is served, until the sentence is satisfied. It logically follows that if a prisoner cannot receive 54 days of GCT until after each year of the term is complete, then a prisoner cannot receive any GCT for time not actually served.

Furthermore, to award credit for "good conduct," the BOP must, indisputably, examine an inmate's conduct over a period of imprisonment to decide whether that prisoner has shown

"exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). As a matter of common sense, an inmate cannot establish "exemplary compliance with institutional disciplinary regulations" for time that was not served. Thus, the Petitioner's interpretation impermissibly renders superfluous the requirement that the BOP evaluate whether there actually has been good behavior over the period for which credit is sought. See Duncan v. Walker, 533 U.S. 167, 174 (2001) (a provision of a statute should not be interpreted in a manner that renders another provision of the same statute superfluous); Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998) (same). If GCT credit were awarded based on the length of sentence, as Petitioner urges, inmates would, nonsensically, be awarded GCT credit for periods in which there has been no showing of compliance with disciplinary regulations, *i.e.*, time for which there has been no good conduct. See also, Pacheco-Camacho v. Hood, 272 F.3d 1266, 1269 (9th Cir. 2001) ("Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year."), cert. denied, 535 U.S. 1105 (2002); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069, at *1 (6th Cir. Sept. 19, 2001)[3] ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").[4]

The Statute also provides that "[c]redit that has not been earned may not later be granted." Thus, the language clearly indicates that prisoners must earn GCT credit. Petitioner's

---

[3] Sixth Circuit Rule 28(g) permits citation to unpublished opinions where there is no published opinion on point.

[4] Contra, White v. Scibana, 314 F. Supp.2d 834 (W.D. Wisc. 2003) (adopting the Petitioner's method of calculation). The Respondent submits that the White decision is not well reasoned and should not be followed. See Graves v. Bledsoe, C.A. 7:04cv00476, 2004 WL 1941231, at *1 (W.D. Va. Aug. 19, 2004) (criticizing White v. Scibana).

interpretation runs afoul of the plain language of the Statute. If the BOP awarded GCT credit based on length of sentence, as Petitioner urges, prisoners would receive credit for time not actually spent in prison, in other words, prisoners would receive GCT credit that they never actually earned.

>   D.   If The Court Deems The Statute Ambiguous, The Court Must Give The BOP's Interpretation Of The Statute Substantial Deference.

The statutory language is plain and unequivocal. However, if the Court determines that the Statute is ambiguous, the BOP's interpretation of the Statute is entitled to substantial deference. The Statute is set forth in a duly promulgated regulation, and consequently the BOP is entitled to full deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). See Pacheco-Camacho, 272 F.3d at 1270. Under Chevron, the Court must uphold the BOP's regulation if it is "based on a permissible construction of the statute." 467 U.S. at 843. The discussion above demonstrates that the BOP's interpretation meets this standard.

>   E.   The Argument Proffered By The Petitioner Has Been Rejected Soundly By The Circuit Courts.

The only two circuit courts to have considered the issue raised here have upheld the BOP's position. In Pacheco-Camacho the Ninth Circuit rejected the same argument made by the Petitioner here. The court noted that the petitioner's argument in that case would "confer upon the prisoner a bonus during his last year of imprisonment." 272 F.3d at 1269. After examining the statutory language, the court concluded, "Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year." Id. The court further concluded that the BOP's implementing regulation was entitled to Chevron deference and that it

reflected a permissible interpretation of the statute. Id. at 1270-1271.[5]

The Court of Appeals for the Sixth Circuit, in two unpublished opinions, has also upheld the BOP's approach to determining GCT credits. See Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams, 2001 WL 1136069, at *1.[6]

The Petitioner relies on one case to the contrary, White v. Scibana, 2003 WL 23171593 (W.D. Wis. 2003). The Respondent submits that the White opinion is not well reasoned. The court in White gives no consideration to the statutory language that credit be established "at the end of each year of the prisoner's term of imprisonment," and offers no analysis of how, under the Petitioner's theory, "credit for the last year or portion of a year . . . shall be prorated . . . ." The court in White also fails to acknowledge the statutory command that "credit that has not been earned may not later be granted." Accordingly, White should not be followed. See Graves, 2004 WL 1941231, at *1 (stating White decision is based on "dubious logic"). The BOP's calculation of Petitioner's GCT credit is correct, and the Petitioner's position without merit.

## CONCLUSION

For the above reasons, the Petition of Porfirio Gaton for habeas corpus should be

---

[5] The Pacheco-Camacho court rejected a claim that the rule of lenity compelled Petitioner's interpretation. The rule of lenity resolves ambiguities in a criminal defendant's favor; however, it does not apply when, as in this instance, the question has been addressed by a regulation validly adopted through the rulemaking process. 272 F.3d at 1271-72.

[6] Pursuant to Sixth Circuit Rule 28(g), copies of these opinions are attached as Exhibits 2 and 3. Several district court decisions, including one Massachusetts court; Richardson v. DOJ, Case No. 4:04cv40099, Harrington, J., Order dated August 24, 2004 (D. Mass); are also in accord. Muratella v. Velti, Case No. 04-456, Steihl, J., Memorandum and Order dated September 2, 2004 (S.D. Ill.); Graves, 2004 WL 1941231, at *1; Pascuiti v. Drew, 2004 U.S. Dist. LEXIS 10352, at *18 (N.D.N.Y. June 2, 2004); Martinez v. Wendt, 2003 WL 22456808 (N.D. Tex. 2003); Webb v. Deboo, et al., Case No. 3:03CV961, Dorsey, J., Ruling and Order dated Sept. 22, 2003 (D. Ct.); De Gerolamo v. White, Case No. 03CV139, Wolfson, F., Opinion Dated May 20, 2003 (D. N.J.); see also Montalvo v. United States, 174 F. Supp. 2d 10, 14 (S.D.N.Y. 2001).

dismissed.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Damian W. Wilmot
       DAMIAN W. WILMOT
       Assistant U.S. Attorney
       John Joseph Moakley U. S. Courthouse
       One Courthouse Way, Suite 9200
       Boston, Massachusetts 02210
       (617) 748-3282

Dated: September 22, 2004

## CERTIFICATION UNDER L.R. 7.1

Because Petitioner is a prisoner currently incarcerated in a federal correctional facility, counsel for the United States respectfully requests leave to file this Motion without a 7.1 conference.

       /s/ Damian W. Wilmot
       DAMIAN W. WILMOT
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, together with the accompanying Exhibits 1 through 3, were served upon Petitioner Porfirio Gaton, Reg. No. 10756-052, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class, postage prepaid mail on September 22, 2004.

       /s/ Damian W. Wilmot
       Damian W. Wilmot